UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO PEREZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; TODD BLANCHE, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Facility;<br><br>Defendants. | Case No.: 26-cv-5749-BJC-MMP<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. 2241**<br><br>**(ECF No. 5)** |

Before the Court is Petitioner Raymundo Perez Perez's ("Petitioner") Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 5. Petitioner initiated this action on April 3, 2026. ECF No. 1. Petitioner filed the Amended Petition on October 15, 2026. ECF No. 5. Respondents responded on October 23, 2026, and Petitioner filed a traverse on October 26, 2026. ECF Nos. 6; 7. For the reasons stated herein, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner was born in Guatemala and entered the United States in 2018. ECF No. 5 at 2. Petitioner applied for asylum with United States Citizen and Immigration Servies ("USCIS"), and subsequently received a work permit and a Social Security number. *Id.* On December 9, 2025, while he was out shopping, an Immigration and Customs Enforcement ("ICE") agent arrested Petitioner with no explanation and no warrant. *Id.* Petitioner argues that Respondents violated his due process rights and that the proper remedy for this violation is immediate release. ECF No. 5 at 3–6. Alternatively, Petitioner argues that the Court should order his release because Petitioner's arrest without a warrant violates the statutes and regulations governing an interior immigration arrest. ECF No. 5 at 6–13.

In their Response, Respondents contend that Petitioner is subject to detention under 8 U.S.C. 1226(a). ECF No. 6. Respondents concede, however, that they have "insufficient evidence that a Form I-200 was issued to Petitioner" and thus "do not oppose the petition and defer to the Court as to the appropriate relief." *Id.* at 2.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

# III. DISCUSSION

## A. Warrantless Arrest

Petitioner argues that his warrantless arrest violates 8 U.S.C. § 1357 and 8 C.F.R. § 287.3, compelling his immediate release. ECF No. 5 at 6–12. Respondents concede that they have "insufficient evidence that a Form I-200 was issued to Petitioner," and therefore "do not oppose the petition and defer to the Court as to the appropriate relief." ECF No. 6 at 2. The Court finds Petitioner is entitled to immediate release.

"Section 1226(a) 'sets out the general rule' for 'the arrest, detention, and release' of '[noncitizens] present in the country' 'who are believed to be subject to removal.'" *Orea Ruiz v. Acting Warden, Adelanto Det. Ctr.*, No. 5:26-CV-04807-MBK, 2026 WL 2644102, at *3 (quoting *Nielsen v. Preap*, 586 U.S. 392, 396 (2019)). The procedural protections under § 1226(a) and its regulations include, *inter alia*: (1) a general requirement that arrest of a noncitizen requires an administrative warrant (Form I-200) issued by certain immigration officers, *see* 8 C.F.R. § 236.1(b);[1] (2) an initial custody determination by a Department of Homeland Security ("DHS") officer shortly after the outset of detention, in which the noncitizen has the opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding," *see* 8 C.F.R. § 1236.1(c)(8); (3) the right to seek review of the officer's initial custody determination through a prompt bond hearing before an Immigration Judge based on individualized evidence, wherein the Immigration Judge will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)); (4) the right to appeal an adverse

---

[1] For a DHS officer to conduct a warrantless arrest, they must have "probable cause to believe a person is subject to removal and 'is likely to escape before a warrant can be obtained for his arrest.'" *Orea Ruiz*, 2026 WL 2644102, at *3 (quoting 8 U.S.C. § 1357(a)(2)).

Immigration Judge bond decision to the BIA, *see Rodriguez Diaz*, 53 F.4th at 1197 (citing 8 C.F.R. § 236.1(d)(3)); and (5) the right to "request an additional bond hearing whenever he experiences a material change in circumstances," *Rodriguez Diaz*, 53 F.4th at 1197. *See Orea Ruiz*, 2026 WL 2644102, at *4 (explaining this statutory and regulatory framework of § 1226(a)); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (listing cases where courts have determined such violations of the § 1226(a) requirements to be "a sufficient basis mandating a petitioner's release").

Respondents contend that, although "Petitioner is subject to detention under 8 U.S.C. § 1226(a), Petitioner is able to request a bond hearing before an immigration judge." ECF No. 6 at 2. The Court finds this relief insufficient.

Here, it is undisputed that Respondents did not comply with § 1226(a)'s requirements. Thus, Petitioner's detention has been "unlawful from the outset." *Orea Ruiz*, 2026 WL 2644102, at *7; *see Torres Huerta v. Facility Adm'r, Cent. Valley Annex ICE Processing Ctr.*, No. 1:26-cv-04609 (VC), 2026 WL 2751763, at *1 (E.D. Cal. Sept. 16, 2026) (finding that, because respondents "have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, his continued detention without any kind of custody determination is unlawful"); *Zurita Navarro*, 2026 WL 2294963, at *2 (finding petitioner's detention unlawful where respondent failed to provide a warrant of arrest, to indicate whether an authorized immigration official made an initial custody determination, or to provide the basis for custody or whether petitioner had notice).

**B. Respondents Deprived Petitioner of the Right to Due Process**

In a footnote, Respondents urge the Court to forgo the due process analysis if the Petition is granted. ECF No. 6 at 2 n.2. Although the Court grants the Petition due to Petitioner's unlawful warrantless arrest, the Court nonetheless will address Petitioner's Fifth Amendment due process claim.

The Fifth Amendment guarantees that "[n]o person shall be … deprived of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. This right extends to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 681 (2001); *see, e.g.*, *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings.") (citation omitted). Accordingly, once a noncitizen has "passed through our gates," they "may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law" occur. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).

Petitioner entered the United States in 2018 and subsequently applied for asylum with USCIS. ECF No. 5 at 2–4. Petitioner was issued a work permit and a social security number, and was then released on parole. *Id.* Seven years later, ICE arrested Petitioner with no explanation and no warrant. *Id.* Petitioner's re-detention without notice or an opportunity to be heard violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody

creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because the DHS released Petitioner from its custody in 2018, and there has been no change in circumstance since that time, Petitioner is entitled to remain released on the same conditions as he was initially released.

**C. Relief**

As to the appropriate relief, "[i]n habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); *see also Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022) ("Declaratory and injunctive relief are proper habeas remedies.").

Here, the remedy Respondents offer, a belated bond hearing before an immigration judge, is insufficient because a bond hearing "cannot supply the arrest authority that was absent when detention began." ECF No. 7 at 2. Such relief would not address all of Petitioner's claims, including that ICE's arrest violated 8 U.S.C. § 1357(a)(2), and the warrantless arrest violated constitutional due process requirements. *Id.* at 2–3. Accordingly, the Petition is **GRANTED** and immediate release in the appropriate remedy.

## IV. CONCLUSION

1. Respondents must immediately release Petitioner from custody, subject to the same terms and conditions on which he was previously released in 2018.

2. Respondents are **ENJOINED AND RESTRAINED** from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show materially changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting

the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. *See Maria S.M.*, 2026 WL 1480390, at *4.

3. As this concludes the litigation in this case, the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Dated: November 10, 2026

Honorable Benjamin J. Cheeks
United States District Judge